# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA ARTEAGA, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 10-CV-01444 |
| ) | |
| KEVIN LYNCH, et al. ) | Judge Pallmeyer |
| ) | |
| Defendants ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER OF JUDGMENT IN THE AMOUNT OF $ 412,731.43 AGAINST DEFENDANT KEVIN LYNCH**

Plaintiffs, through their attorneys, move for entry of an Order of Judgment in the amount of $412,731.43, on behalf of Plaintiffs and against Defendant Kevin Lynch for his violations of the FLSA, IMWL, and IWPCA. In support of this Motion, Plaintiffs state as follows:

1. Plaintiffs brought this action against Defendants Kevin Lynch and Michael Lynch for owed wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1 et seq., and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 et seq. for Defendants' (1) failure to pay Plaintiffs Illinois or federal mandated minimum wages for all time worked, (2) failure to pay Plaintiffs at time and a half their regular rate for all time worked in excess of forty (40) hours per work week and (3) failure to pay earned wages at the agreed upon rate.

2. On September 6, 2012, this Court granted Plaintiffs' Motion for Summary Judgment as to Defendant Kevin Lynch's liability for alleged violations of the FLSA, IMWL and IWPCA.

3. This matter was set for a status hearing on October 12, 2012, but Defendants failed to appear to the status hearing.

4. On November 18, 2008, Duraco Products, Inc., filed for Chapter 11 bankruptcy.

5. Duraco Products' Chapter 11 bankruptcy proceeding was involuntarily converted to a Chapter 7 bankruptcy on February 17, 2010 ("Duraco Bankruptcy Period").

6. Plaintiffs attempted to recover their owed wages from Duraco through the bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Illinois, Case Number 08 B 31353, Docket # 782 ("Duraco Bankruptcy Case").

7. On November 3, 2010, Plaintiffs filed an Amended Motion for Allowance of Administrative Expense Claim in the Duraco Bankruptcy Case to recover owed and unpaid wages as administrative costs during the Duraco bankruptcy period from the bankruptcy estate of Duraco Products, Inc. in the Duraco Bankruptcy Case.

8. Plaintiffs proved up their damages and obtained an Order from Judge Eugene R. Wedoff awarding Plaintiffs an administrative expense claim against the estate of Duraco Products pursuant to Section 503 of the Bankruptcy Code in the amount of $394,553.60. *See* Judge Wedoff's December 1, 2010 Order in the Duraco Bankruptcy Case, Docket #789, *attached hereto* as Exhibit A.

9. The amount of owed wages that Plaintiffs proved up in bankruptcy proceeding and sought from the Duraco Products bankruptcy estate are the same owed wages that Plaintiffs alleged in this matter are jointly and severally owed by Defendants Kevin Lynch and Michael W. Lynch, individually, as officers with operational control of Duraco Products, Inc.

10. This Court has found that Kevin Lynch is liable for wages owed to Plaintiffs for work they performed while employed Kevin Lynch and by Duraco Products, Inc. Plaintiffs therefore request that this Court enter an Order of Judgment against Kevin Lynch in the amount of $394,553.60.

11. In addition, Plaintiff Jose Delgado alleges he was owed wages for his work at Duraco Products, Inc. by Kevin and Michael Lynch in the amount of $6,153.60. *See* Affidavit of Jose Delgado, attached hereto as Exhibit B.

12. The wages owed to Plaintiff Jose Delgado were not included as part of Plaintiffs' Motion for Allowance of an Administrative Expense Claim Against the Bankruptcy Estate of Duraco Products, Inc. and were not part of Judge Wedoff's Order in the Duraco Bankruptcy Case. Plaintiffs therefore request that wages owed to Jose Delgado in the amount of $6,153.60 also be included in the Order of Judgment entered against Kevin Lynch.

13. Plaintiffs also request that this Court include unpaid wages for health insurance premiums that were deducted from Plaintiffs' Brian Hodson, Kenneth Socki, Donna Magnuson and William Van Dusen wages and which were in fact never remitted to Duraco's insurance carrier by Kevin and Michael Lynch and were therefore in violation of the IWPCA. *See* Chart of Wages for Health Insurance Premium Owed, attached hereto as Exhibit C.

14. In addition, Plaintiffs request that this Court award Plaintiffs' reasonable attorneys' fees and costs in this matter and grant Plaintiffs leave to file a Fee Petition in this matter.

15. Plaintiffs therefore seek a Judgment against Defendant Kevin Lynch in the amount of $ 412,731.43. *See* Final Chart of Plaintiffs' Proposed Judgment Amount, attached hereto as Exhibit D, and Proposed Order of Judgment Against Kevin Lynch, attached hereto as Exhibit E.

WHEREFORE, for the above stated reasons, Plaintiffs request that this Court enter on Order of Judgment Against Defendant Kevin Lynch in the amount of $ 412,731.43, and grant Plaintiffs leave to file a Fee Petition for reasonable attorneys' fees and costs.

Dated: October 25, 2012                    Respectfully submitted,

<u>s/Alvar Ayala</u>
Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
401 S. LaSalle, Suite 1400
Chicago, IL 60605
(312) 795-9121

One of Plaintiffs' Attorneys